STATE OF NEBRASKA, APPELLEE V. MCKINLEY
GODBOLDT, JR., APPELLANT.

260 N. W. 2d 314

Filed December 14, 1977. No. 41141.

Alfredo G. Parrish, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant, who was convicted of robbery and use of a firearm during the commission of a felony, appeals. He contends the trial court erred in overrul-

ing his motion for mistrial based on prosecutorial misconduct. We affirm.

During the course of final arguments, defendant's attorney argued the dangers of plea bargaining and made the statement that two of the State's witnesses had entered into plea bargain agreements with the State. The prosecuting attorney during rebuttal made the statement that plea bargaining was something everybody did. He mentioned that defendant's attorney had plea bargained with him many times; and that he was always in his office trying to make deals.

In final argument the prosecuting attorney also told the jury that defense counsel had been unethical in taking a certain statement from a witness. To this latter statement the defense counsel objected. He argued the statement was proper and his objection to the prosecutor's statement was sustained.

Immediately after the jury retired, defense counsel made an oral motion for an order declaring a mistrial for each of the actions described above. The motion for mistrial was overruled.

Defendant does not contest his conviction. The only error assigned is the overruling of his motion for a mistrial based on prosecutorial misconduct. Section 25-853, R. R. S. 1943, provides: "The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Defendant was charged with three crimes. Notwithstanding the prosecutor's closing argument, the jury found him guilty of only two of them. The evidence of guilt on those two is clear, and defendant does not contest its sufficiency in this appeal.

We can not condone the fact that the prosecuting attorney suggested to the jury the defense counsel was unethical in a statement he took from one of the

witnesses. It was improper conduct on the part of the prosecutor, and we censure him for it. However, an objection to this statement was sustained. This told the jury the prosecuting attorney was in error. If it affected the jury in any way, we would assume it to be adverse to the State.

While the prosecutor's comments as to plea bargaining were responsive to defense counsel's argument, we do not condone it. While the record is not clear that defense counsel's argument was improper, the law does not permit defendant or his counsel, without reason or excuse, to provoke the prosecuting attorney into unbecoming retorts or breaches of etiquette and thus make such misconduct a ground for new trial without regard to guilt although proved beyond a reasonable doubt. However, a prosecuting attorney should not respond by resorting to like tactics. If the statements are improper, other remedies are available. They often provide even more effective relief.

The fact the jury acquitted the defendant on one of the crimes charged would tend to indicate he was not prejudiced by the statements of the prosecutor. He does not contest the finding of guilt on the charges involved herein. While the conduct of the prosecutor was improper, it was not prejudicial in this case. We determine the denial of a mistrial was within the discretion of the trial court, and affirm the judgment.

The judgment is affirmed.

AFFIRMED.

WHITE, C. THOMAS, J., concurs in the result.